VÁZQUEZ, PLAINTIFF AND 'APPELLEE, *v.* FREIRÍA, DEFENDANT AND APPELLANT.

APPEAL from the District Court of Guayama in an Action for Cancelation and Delivery of Notes.

No. 1977.—Decided August 1, 1919.

PROMISSORY NOTE—LIMITATION—PLEADING.—For the reason that statutes of limitation rest, not entirely but in a large measure, on the presumption of payment, there is no inherent inconsistency in pleading in an action to recover on a promissory note both payment and the statutory bar.

ID.—ID.—ACKNOWLEDGMENT—REVIVAL.—According to article 944 of the Code of Commerce, the period of limitation shall begin to be counted again, in case of the acknowledgment of the obligation, from the day of the acknowledgment; therefore, in this case, the action to recover on the $150 note which the appellee acknowledged in his testimony at the trial, although already barred, was revived by such acknowledgment.

The facts are stated in the opinion.

*Mr. Tomás Bernardini de la Huerta* for the appellant.

*Mr. Manuel A. Martínez Dávila* for the appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

Plaintiff, alleging that certain notes held by defendant had been paid, brought suit for the cancelation and delivery thereof. Defendant answered, denying such payment and, by cross-complaint entitled as a counterclaim, sought to recover on the notes. Plaintiff in answer to the cross-complaint, after a general denial, pleaded payment and the three year statute of limitation contained in the Code of Commerce.

Defendant appeals from a judgment dismissing the cross-complaint and ordering the cancelation of both notes, the

larger one for $425 as having been paid and the smaller one for $150 on the ground that the same was barred.

It is urged that the court below erred—

First, in not obliging plaintiff to elect between two inconsistent defenses, namely, payment and prescription.

Second, in rendering judgment for plaintiff and dismissing the cross-complaint on the ground of payment, and

Third, in sustaining the plea in bar.

For the reason that statutes of limitation rest, not entirely but in a large measure, on the presumption of payment, there is no inherent inconsistency in pleading both payment and the statutory bar.

In so far as the question of fact as to the payment of the larger note is concerned, a careful examination of the record discloses no such manifest error as to justify a reversal of the court below.

Plaintiff on the stand openly repudiated the plea of payment in full of the smaller note, and by implication waived the statutory privilege pleaded by his attorney, claiming to have paid only $50 on account of the said note, stating in effect that he had never refused but at all times had been willing and anxious and had repeatedly attempted to pay the balance of $100, insisting however on delivery of both notes and a receipt in full of all indebtedness. The trial judge found that the $50 said to have been paid on account of the smaller note was, in fact, not so paid, but was intended to cover other items unnecessary to mention herein.

The theory of the court below was that such acknowledgment of the debt after the statutory period had elapsed came too late and could not revive the stale demand. But it was further held that, in any event, the note having been transferred to one Gallart with an endorsement by the payee "as surety and principal obligor," cross-plaintiff could not recover in the absence of proof that he had again become the owner of the note and that the amount thereof had not been paid to Gallart.

Aside from the sworn statement of plaintiff above mentioned, the uncontradicted testimony of other witnesses, apparently overlooked rather than discredited by the trial judge, shows that the note was endorsed to the bank by the payee, and by the bank to Gallart, for collection; and on refusal of the debtor to pay without delivery of the other note and receipts above mentioned, was returned to the original payee, the cross-plaintiff.

Article 944 of the Commercial Code expressly provides that acknowledgment of the obligation suffices to interrupt the running of the statutory period, and that the same ''shall begin to be counted again,'' in case of such acknowledgment, ''from the day this is done.''

''It is a general rule that a new promise to pay a debt or an unqualified acknowledgment of a debt from which a promise to pay may be implied will take a case out of the statute, where it is not coupled with any refusal to pay or accompanied by any circumstance such as to repel the inference or to leave it in doubt whether the person intended to prolong the time of legal limitation, even though there is no express promise on the part of the debtor. And even the slightest acknowledgment has been held sufficient. It is not, however, the mere acknowledgment of a subsisting indebtment which removes the bar. Where a debt is admitted to be due, the law raises a promise to pay it. And it is this new promise, either made in express terms or deduced from an acknowledgment, as a legal implication, which is to be regarded as reanimating the old promise, or as imparting vitality to the remedy, which, by lapse of time, has become extinct, and thus enabling the creditor to recover upon his original contract.'' 17 R. C. L. p. 889, sec. 248.

'' * * * The general rule seems to be that there is no distinction between the legal effect of an acknowledgment of payment made before or after the bar of the statute of limitations has attached, as in either case the effect is to subvert the principle of presumed payment on which the statute is founded. And the original debt is a sufficient legal consideration for the promise whether made before or after the bar of the statute is complete.'' Id. p. 894, sec. 252.

The judgment must be reversed in so far as the note for

$150 and the right of cross-plaintiff to recover thereon is concerned, and in all other respects affirmed.

*Affirmed in part.*

Justices Wolf, del Toro and Aldrey concurred.

Mr. Chief Justice Hernández took no part in the decision of this case.